IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL MULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:17-cv-1059 |
| | ) | JUDGE TRAUGER |
| CITY OF LAVERGNE, TN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER AND MEMORANDUM**

Pending before the court is Plaintiff's Motion to Alter or Amend the Judgment of Partial

Summary Judgment (Docket No. 29). Defendant has filed a Response in opposition to Plaintiff's

Motion (Docket No. 31). For the reasons stated herein, Plaintiff's Motion is **DENIED**.

The court may grant a Rule 59(e) motion to alter or amend if there is (1) a clear error of law;

(2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent

manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A motion under

Rule 59(e) is not an opportunity to re-argue a case. *Roger Miller Music, Inc. v. Sony/ATV Publishing,*

*LLC*, 477 F.3d 383, 395 (6th Cir. 2007). Rather, a motion under Rule 59(e) must either clearly

establish a manifest error of law or must present newly discovered evidence. *Id*. A motion to alter or

amend should not be used to relitigate previously considered issues, to submit evidence which could

have been previously submitted in the exercise of reasonable diligence, or to attempt to obtain a

reversal of a judgment by offering the same arguments previously presented. *United States v.*

*Tennessee Walking Horse Breeders' and Exhibitors' Ass'n.*, 263 F.Supp. 3d 679, 681 (M.D. Tenn.

2017).

The court previously found that Plaintiff's state law claims were barred by the applicable statutes of limitations. (Docket Nos. 27 and 28). Plaintiff asks the court to alter or amend that order based upon "new facts not previously available" and "the need to correct clear error of law and the prevention of manifest injustice" (Docket No. 29-1). The "new facts not previously available" are apparently the facts asserted in Plaintiff's Affidavit (Docket No. 29-2).

Plaintiff has not demonstrated how the alleged facts in his own Affidavit were not previously available. Nothing alleged in Plaintiff's Affidavit occurred since the court's prior ruling, and there is no indication that any asserted facts therein were withheld from Plaintiff or outside his knowledge at the time of his response to Defendant's motion. The court finds that Plaintiff's Affidavit does not qualify as "new facts not previously available."

With regard to the need to correct clear error of law and the prevention of manifest injustice, Plaintiff's arguments focus on contract law related to offer and acceptance. There is no contract at issue in this case. The issue presented was whether Plaintiff's state law claims for constructive discharge are barred by applicable statutes of limitations. In addition, this is a new legal theory by Plaintiff, and Rule 59(e) cannot be used to raise new legal arguments that could have been raised before a judgment was issued. *Roger Miller*, 447 F.3d at 395.

Even considering Plaintiff's Affidavit and his contract arguments, nothing in Plaintiff's submissions changes the court's prior ruling. Defendant is entitled to judgment on Plaintiff's state law claims, as previously ordered.

IT IS SO ORDERED.

ENTER this 28th day of February 2018.

_____

ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE